UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION

| | |
|---|---|
| ASHER HAUN, § § Plaintiff § § v. § § THE CORPUS CHRISTI MEDICAL § CENTER, DOCTOR'S REGIONAL § HOSPITAL, DANIELLE § MCCANDLESS, D.O., ADITYA LAL, § M.D., AND CHELSEA E. ANTHONY, § D.O. § § Defendants | CIVIL ACTION NO._____ JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Asher Haun, complaining of Corpus Christi Medical Center, Danielle McCandless, D.O., Aditya Lal, M.D., and Chelsea E. Anthony, D.O., and for cause of action would show:

### Jurisdiction

1.      This Court has jurisdiction over the parties and subject matter of this suit pursuant to 28 U.S.C. §1332(a). Plaintiff is a resident of Colorado. Defendant The Corpus Christi Medical Center ("CCMC") is a licensed hospital in Corpus Christi, having its principal place of business at 3315 S. Alameda, Corpus Christi, Texas 78412. Doctors McCandless, Lal and Anthony are all residents of Corpus Christi, Texas. There is complete diversity between the parties, and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000, as hereinafter more fully described.

## Parties

2. Plaintiff Asher Haun brings claims in his individual capacity for his personal injuries. Mr. Haun is a resident of LaPorte, Colorado.

3. Defendant Corpus Christi Medical Center-Doctor's Regional Hospital is a licensed hospital in Corpus Christi, having its principal place of business at 3315 S. Alameda, Corpus Christi, Texas 78412 and can be served by serving its' administrator, Jay Woodall.

4. Defendant Danielle McCandless, D.O. is a resident of Corpus Christi, Texas and can be served at 3315 S. Alameda Street, Corpus Christi, Texas 78411.

5. Defendant Aditya Lal, M.D. is a resident of Corpus Christi, Texas and can be served at 3315 S. Alameda Street, Corpus Christi, Texas 78411.

6. Defendant Chelsea Anthony, D.O. is a resident of Corpus Christi, Texas and can be served at 7101 South Padre Island Drive, Corpus Christi, Texas 78412.

## Venue

7. Venue is proper in the United States District Court for the Southern District of Texas, Corpus Christi Division pursuant to 28 U.S.C. §1391(a)(2), in that a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this District and Division.

## Facts

8. On or about November 4, 2016, Plaintiff began experiencing pain in his left leg. He had been shucking oysters the day before, and had scraped his leg with a bag full of oyster shells. The pain in his left leg was worse the morning of November 5, 2016 and Plaintiff went to the emergency room at Care Regional Medical Center in Aransas

Pass, Texas. At Care Regional he was very pale and in severe distress. He had pain and swelling in his left lower leg, and was diagnosed with cellulitus (infection) to his leg. From there, Plaintiff was transferred to Care Regional Medical Center in Corpus Christi, Texas.

9. On admission to Care Regional Medical Center, Plaintiff was diagnosed with left lower extremity cellulitus and pain with fever and erythema (redness). Between November 5, 2016 and November 10, 2015, Plaintiff's care was overseen by doctors McCandless, Lal and Anthony. Despite the fact that Plaintiff's leg was clearly infected on November 5, 2016, and continued to worsen each day, it wasn't until November 10, 2016 that a surgical consult was ordered. By this time, the doctors were aware that Mr. Haun was infected with Vibro vulnificus, a bacteria found on/in oysters. In severe cases of this infection, such as Plaintiff's, necrotizing fasciitis can develop. Upon examining Plaintiff, the surgeon found: "The patient has bullae [bubble like cavities filled with fluid] and cellulitus with pregangrenous changes of both the anterior and posterior aspect of his left lower extremity with cellulitus and everything tracking up his medial thigh to the level of the groin." ". . . I do not appreciate a palpable pedal pulse."

10. The surgeon emergently performed an excision and debridement of the left leg. On November 15, 2016, Plaintiff was transferred by air ambulance to North Colorado Medical Center which is closer to his home. There, Plaintiff underwent additional procedures and had a skin graph placed on his leg. On November 30, 2016, Plaintiff was transferred to Northern Colorado Rehabilitation Hospital for additional in patient rehabilitation, where he received care for a number of weeks. Plaintiff continues to recover from the mismanagement of the infection to his left leg, and experiences pain,

mental anguish, and impairment on a daily basis.

## Causes of Action

11. Plaintiff brings this cause of action against Defendants pursuant to §74.001 et. seq. of the Texas Civil Practice and Remedies Code. The individual Defendants committed negligence by failing to obtain a surgical consult for wound care in a timely fashion. Earlier surgical intervention would have significantly reduced the injuries suffered by Plaintiff as a result of the infection to his left leg.

## Respondate Superior

12. Defendant, The Corpus Christi Medical Center – Doctor's Regional Hospital, is liable for the actions of the individual defendants as these Defendants were acting as agents, servants and employees of CCMC at the time they committed their negligent acts and omissions.

## Damages

13. As a direct and proximate result of Defendants' acts of negligence, Plaintiff Asher Haun suffered bodily injuries, and incurred the following damages in the past, and will continue to incur these damages in the future:

    a. physical pain and mental anguish;

    b. physical impairment;

    c. reasonable and necessary medical care and expenses; and

    d. disfigurement.

Plaintiff seeks damages of $1,000,000.00 or more.

### Pre-judgment and Post-Judgment Interest

14. Plaintiff asks for pre-judgment and post-judgment interest at the rate allowed by law.

### Conditions Precedent/Notice

15. Plaintiff has fully complied with the notice provisions of §74.051 and §74.052 of the Texas Civil Practice and Remedies Code, and shall provide such evidence thereof as the judge of the Court may require to determine that such provisions have been met.

### Jury Demand

16. Plaintiff requests a jury in this cause.

Plaintiff prays for judgment against Defendants for his actual damages in such amounts as the evidence may show and the jury may determine to be proper, together with pre- and post-judgment interest as required by law, costs of court, and for all the other relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

By: __/s/ Robert J. Sigler__
Federal ID No. 12586
Texas Bar No. 18347750
Bandas Law Firm, P.C.
500 N. Shoreline Blvd, Ste 1020
Corpus Christi, Texas 78471
Tel. 361.698.5200
Fax. 361.698.5222
E-mail: rsigler@bandaslawfirm.com

Attorney-in-Charge for Plaintiff